Goodrum, &c., vs. Root.

---

CASE 17—MOTION—DECEMBER 17.

## Goodrum, &c., vs. Root.

APPEAL FROM MARION CIRCUIT COURT.

Upon the trial of a motion against a sheriff and his sureties for the failure of the sheriff to return an execution for thirty days after the return day, without any reasonable excuse for such failure, it appeared that the defendant in the execution had not property in the county out of which the whole of the execution could have been made, but that he had property therein sufficient to have satisfied about one third part thereof. *Held*—That the sheriff and his sureties are liable for the full amount of the execution and thirty per cent. damages thereon. (*Rev. Stat.*, 329, *sec.* 4.)

SHUCK & WOODS, for appellants, cited *Rev. Stat., sec.* 4, *pp.* 329, 330; 1 *Marsh.*, 429; 1 *Metcalfe*, 160; 17 *B. Mon.*, 113.

ROUNTREE & FOGLE, for appellee, cited *Rev. Stat., sec.* 4, *page* 329.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This was a motion against the sheriff and his sureties for the failure of the sheriff to return an execution for thirty days after the return day thereof, without any reasonable excuse for such failure. A judgment in the motion was rendered against the sheriff and his sureties for the full amount of the execution and thirty per centum damages thereon, and from that judgment the defendants have appealed.

It appeared upon the trial of the motion that the defendant in the execution had not property in the county out of which the whole of the execution could have been made, but that he had property therein sufficient to have satisfied about one third part thereof.

Upon this state of case the question arises, are the sheriff and his sureties liable, under the provisions of the Revised Statutes, not only for the thirty per centum damages on the whole amount of the execution, but also for the amount of the execution itself, when it is evident that only a part of it could have been made by the sheriff?

The 4th section of the 18th article of the chapter on executions, in the Revised Statutes, (*p.* 329,) upon which the solution of this question depends, is in the following language:

" Any sheriff or other like officer, in whose hands a writ of execution is placed to do execution thereof, who fails to return the same to the office whence it issued for thirty days after the return day of the same, without reasonable excuse for such failure, shall, with his sureties or the personal representatives, heirs, or devisees, be liable, jointly or severally, to the plaintiff in such execution for the amount thereof, and thirty per centum damages thereon, and costs of recovery.

" But this section shall not apply where the defendant is insolvent, and has not property in the county out of which the execution, or any part of it, could be made; but in such case the liability shall be for thirty per centum on the execution."

It is argued in favor of the appellants, that inasmuch as the insolvency of the defendant in the execution has the effect, under the foregoing provision, to release the sheriff and his sureties from liability for the amount of the execution, that

where, as in the present case, only a part of the execution could have been made, the liability should not exceed that part, as that is the full extent of the injury which the plaintiff in the execution has sustained.

Where the defendant in the execution has no property in the county out of which any part of the execution can be made, the sheriff and his sureties are only made liable for thirty per centum damages, and not for the amount of the execution itself. In such a case the legislature seems to have regarded the thirty per centum damages as a sufficient penalty for failing to return the execution within the time prescribed; and as the execution could not have been made by the sheriff, the plaintiff is not actually injured by the failure to return it, and therefore the sheriff is not made liable for its amount.

The same reason might have induced the legislature to have made the sheriff and his sureties liable for so much of the execution only as the sheriff could have made out of the defendant's property. Such, however, is not the meaning of the foregoing proviso, and its language is so clear and explicit as not to admit of such a construction.

It expressly declares that the section which imposes on the sheriff and his sureties a liability for the amount of the execution and thirty per centum damages thereon, shall not apply where the defendant has not property in the county out of which the execution or any part of it can be made. It does not, however, contain any other exception, but leaves the section to apply whenever the defendant in the execution has any property in the county out of which any part of the execution can be made, no matter how small a part thereof it may be. As the law is thus plainly written, we cannot say that the legislature intended that it should be otherwise.

Wherefore, the judgment is affirmed.